THE affidavit of the cause of action was as follows: Marshall Tweed, the plaintiff above named, being duly sworn, doth say *Page 527 
that Nathan H. Dayett, the defendant aforesaid, is indebted to him on account of a certain article of agreement or lease for a balance of the rent annually reserved by the said lease, the said lease being for five hundred dollars, which is the cause of action in this suit, a copy of which is hereto attached; that the sum demanded by the plaintiff from the defendant is one hundred and eighty-one dollars with interest thereon from the 25th day of March, 1877, and that he verily believes the same is justly and truly due.
This was followed by his signature and the jurat of the prothonotary, and these by a copy of the article of agreement referred to in the affidavit as follows: Made this day between Marshall Tweed and Nathan H. Dayett, to certify that Marshall Tweed doth lease the grist mill and saw mill to Nathan H. Dayett for the term of one year, commencing on the 25th day of March, 1876, and ending on the 25th day of March, 1877, for the sum of five hundred dollars, to be paid semi-annually, one-half — two hundred and fifty dollars — on the 25th day of September, 1876, and two hundred and fifty dollars on the 25th day of March, 1877. The said Dayett agrees to do all of Marshal Tweed's sawing for fifty cents per hundred, and is to be at all expense of five dollars and under for repairs, and Tweed is to be at all expense over five dollars. The said Dayett is to attend to the waste-gates. Tweed agrees to pasture one cow at fifty cents per week. The said Dayett is to have ground to plant one bushel of potatoes. Tweed reserves the right of the water in case of there not being enough of water to run both mills, and agrees to deduct for that time and pay Dayett one dollar a day for that time. Signed and sealed the 24th of March, 1876, by the parties respectively.
J. H. Rodney, for the plaintiff, now moved for judgment for want of an affidavit of defense.
Higgins, for the defendant: In such a case no affidavit of defense was necessary to prevent judgment going for the plaintiff, because such a claim or cause of action was not within the purview of the statute. *Page 528 
 The Court: The articles of agreement not only contain a covenant to pay a certain money rent, but also sundry mutual covenants between the parties, the breach of which by either of them would sound only in unliquidated damages, and there are some on both sides which are not in terms for the payment of money, but for the performance of certain acts; we have always considered, however, that the statute referred to was only intended to apply to such instruments of writing for the payment of money, or are for the payment of money simply, and for nothing more. The plaintiff was therefore refused judgment.